## LEGGETT & BROTHER *v.* H. L. POTTER.

Under a rule of the Fourth District Court of New Orleans, no amendment of petition or answer can be allowed after the case has been set for trial.

After the cause had been set for trial, defendant sought to amend his answer and urge the defence that the plaintiffs had made an assignment, and were no longer owners of the note sued on. He also stated under oath that these facts were not known to the defendant at the time of filing his original answer. *Held :* That the affidavit was defective in not stating that the facts were not known to defendant *before the cause was set for trial.*

APPEAL from the Fourth District Court of New Orleans, *Reynolds,* J. *Elmore & King,* for plaintiffs. *H. Gaither,* for defendant and appellant.

CAMPBELL, J. The only question important to be considered in the decision of this case, is the correctness of the order of the Judge of the court of the first instance, in striking from the record the supplemental answer of defendant.

It is established as a rule of the Fourth District Court, that "No amendment shall be permitted to be made to any petition or answer, after the cause has been called and set for trial, nor shall any motion be made in a cause at

the time it is called to be tried, if such motion could with propriety have been <span style="float:right">LEGGETT<br>v.<br>POTTER.</span> made previous to that time. Such peremptory exceptions as the law allows to be pleaded at any time, excepted." This cause was, on the 12th November, fixed for trial on the 21st. On the 18th November, defendant filed with leave of court, a supplemental answer, subject, however, by the terms of the order, to plaintiffs' right to object to it, as having been filed too late.

When the cause came on for trial, defendant moved for a continuance on the ground, that the answers of plaintiffs to the interrogatories annexed to his supplemental answer, were material to his defence. In the supplemental answer, it was alleged, (and the allegations were verified by the oath of defendant,) that plaintiffs who resided in New York, had failed, and, as he had reason to believe, had made an assignment of their effects, and were no longer the owners of the notes and bills sued on; to establish which facts, pertinent interrogatories propounded to plaintiffs were subjoined to the answer. It was further alleged, that these facts had come to the knowledge of defendants since the filing of the original answer.

By this showing, the party did not bring himself within the terms of the rule; for though the matters urged in the amended plea, may not have come to the knowlvdge of defendant until after he had filed his original answer, non constat, that he had no knowledge of them before the cause was fixed for trial.

On the trial of the merits, the evidence was complete and the case of plaintiff clearly made out.

The judgment of the District Court is therefore affirmed with costs; with this qualification however, that in case an assignment of the instruments sued on shall have been made, as alleged, and plaintiffs shall proceed to enforce their judgment in their own right, and for their own use; that upon showing these facts, defendant shall not be precluded from his right to an injunction.